**Law Office of**
**CULLAN & CULLAN**
20830 North Tatum Blvd., Suite 360
Phoenix, Arizona 85050-7268
(602) 200-9999
Fax (480)264-6658
gc@cullan.law

Gene M. Cullan (Bar #012991)
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| K.P., by and through her Next Friend and Natural Father Piyushkumar Patel; Piyushkumar Patel and Dipikaben Piyushkumar Patel,<br><br>Plaintiffs,<br><br>vs.<br><br>Jonathan Randall Willms, D.O. and Sun Life Family Health Center, Inc., an Arizona Domestic Non-Profit Corporation,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**(Tort – Medical Negligence)** |

**COMES NOW**, the Plaintiffs, K.P., by and through her Next Friend and Natural Father Piyushkumar Patel; Piyushkumar Patel and Dipikaben Piyushkumar Patel by and through their attorney of record, GENE M. CULLAN, and allege as follows:

**I. PARTIES, JURISDICTION, AND VENUE**

1.  K.P. is a minor under the age of two who was born in the United States, and is therefore a citizen of the United States. She currently resides with her natural parents,

Piyushkumar Patel and Dipikaben Piyushkumar Patel ("Mr. and Mrs. Patel"), in Long Beach, Los Angeles County, California.

2. Mr. and Mrs. Patel are citizens of India, a foreign state, and currently reside with their daughter, K.P., in Long Beach, Los Angeles County, California.

3. Defendant, Jonathan Randall Willms, D.O. is a citizen and resident of the State of Arizona.

4. Defendant, Sun Life Family Health Center, Inc., ("Sun Life"), is an Arizona not-for-profit corporation, with its principal place of business in Pinal County, Arizona, and is therefore a citizen and resident of the State of Arizona.

5. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because K.P. is a citizen and resident of the State of California; Mr. and Mrs. Patel, in their separate individual capacities are citizens of the foreign state of India, residing in the State of California, Dr. Willms and Sun Life are citizens and residents of the State of Arizona, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) because K.P. is a birthright citizen of the United States and resides in the State of California; Mr. and Mrs. Patel are citizens of the foreign state of India, residing in the State of California; Dr. Willms and Sun Life are citizens and residents of the State of Arizona, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

///

///

## Count I: Medical Negligence

## (Minor's Claim)

7. For her Count I claim against all Defendants, Plaintiff K.P., by and through her Next Friend and Natural Father Piyushkumar Patel alleges as follows:

8. Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 6 above.

9. Mr. Patel is the natural father of K.P., and brings this suit in both his representative capacity, as Next Friend of K.P., and in his separate individual capacity.

10. Mrs. Patel, is the natural mother of K.P., and brings this suit in her individual capacity.

11. At all times material hereto, Dr. Willms was a duly licensed physician under the laws of the State of Arizona, and was actively practicing his profession in Pinal County, including but not limited to providing obstetrics and gynecology services to members of the general public, including but not limited to Mrs. Patel and K.P.

12. At all times material hereto, Sun Life was an Arizona Domestic Non-profit Corporation duly authorized to do business in the State of Arizona, and was in the business, in whole or in part, of providing obstetrics and gynecology services to the public, including but not limited to Mrs. Patel and K.P.

13. At all times material hereto, Dr. Willms was an agent, servant, employee, and/or an apparent or ostensible agent of Sun Life, acting in the course and scope of his employment or other business relationship with Sun Life. As a matter of law, the

negligent acts and/or omissions of Dr. Willms are attributed to Sun Life, and Sun Life is therefore vicariously liable for all such negligent acts and/or omissions by Dr. Willms.

14. On or before September 13, 2017, Dr. Willms provided health care services to Mrs. Patel and the then-unborn K.P., thereby establishing a physician-patient relationship between Dr. Willms and Mrs. Patel, and between Dr. Willms and K.P..

15. On September 13, 2017, at approximately 4:55 a.m., Mrs. Patel arrived at Banner Casa Grande Medical Center in active labor.

16. Mrs. Patel progressed quickly and by approximately 5:35 a.m. was at complete dilation.

17. Shortly thereafter the head was delivered, and Dr. Willms diagnosed a shoulder dystocia, with the left shoulder impacted behind the pubic bone.

18. The McRoberts maneuver was performed, with Mrs. Patel's legs placed in extreme flexion, followed by the application of suprapubic pressure.

19. Following an unsuccessful attempt to deliver the posterior arm, Dr. Willms rotated K.P. one hundred eighty degrees (180°) so that her right shoulder was behind the pubic symphysis. He then delivered the left shoulder.

20. The time interval between Dr. Willms' recognition of the impacted shoulder to K.P.'s delivery was approximately ninety (90) seconds.

21. As a result of the physician-patient relationship between Dr. Willms and both Mrs. Patel and K.P., Dr. Willms owed a duty to both Mrs. Patel and K.P. to exercise

that degree of care, skill and learning expected of a reasonable, prudent healthcare provider in his profession, acting in the same or similar circumstances.

22. Dr. Willms breached his respective duties to both Mrs. Patel and K.P. to exercise that degree of care, skill and learning expected of a reasonable, prudent healthcare provider in his profession, acting in the same or similar circumstances because he negligently:

    a. Used inappropriate techniques in delivery after diagnosing a shoulder dystocia;

    b. Failed to perform a caesarean section so as to prevent the shoulder dystocia and brachial plexus injury, and

was otherwise negligent in a manner not presently known to K.P..

23. The above-described negligence of Dr. Willms, for which Sun Life is vicariously liable, directly caused or contributed to cause the following severe and permanent injuries to K.P.:

    a. Decreased innervation to the left arm and left hand;

    b. Decreased strength, stamina and movement of all muscle groups innervated by the seventh and eighth and first thoracic spinal cord nerve roots;

    c. Muscle atrophy of the left upper extremity and left hand;

    d. Impaired bone growth of bones in the left arm, forearm and hand;

    e. Decreased sensation in the left arm and left hand;

f.  Impaired proprioception;

g.  Development of severe osteoarthritis with chronic pain in the left shoulder and arm;

h.  Disfigurement with a left arm that will be smaller and shorter than the right arm;

i.  Scapular winging;

j.  Decreased bimanual dexterity;

k.  Permanent physical disability;

l.  Past and future physical pain and suffering;

m.  Past and future emotional distress;

n.  Past and future loss of enjoyment of life;

o.  Past and future impaired earning capacity;

p.  Past and future expenses for healthcare goods and services, the nature and extent of which are not presently known, and

other damages, the nature and extent of which are not presently known.

**WHEREFORE,** Plaintiff K.P., by and through her father and Next Friend, Piyushkumar Patel, prays for judgment against Defendants Jonathan Randall Willms, D.O., and Sun Life Family Health Center, Inc., in an amount that is fair and reasonable in excess of $75,000; for the costs she incurs in this litigation, and for such other or further relief as may be just and proper in the circumstances.

///

## Count II: Medical Negligence
## (Parents' Claim)

24. For their Count II claims against Defendants Jonathan Randall Willms, D.O., and Sun Life Family Health Center, Inc., Plaintiffs Piyushkumar Patel and Dipikaben Piyushkumar Patel, in their separate individual capacities, and by and through their counsel, allege:

25. Mr. and Mrs. Patel incorporate by reference the allegations of Paragraphs 1 through 23.

26. As a direct and proximate result of the above-described negligence of Dr. Willms, for which Sun Life is vicariously liable, K.P. suffered the injuries described in Paragraph 23 of Count I.

27. The injuries suffered by K.P. are severe, permanent and disabling injuries which have and will substantially interfere with K.P.'s capacity to interact with Mr. and Mrs. Patel in a normally gratifying way.

28. As a direct and proximate result of the above-described negligence of Dr. Willms, for which Sun Life is vicariously liable, Mr. and Mrs. Patel have suffered the following injuries:

    a. Past and future expenses for healthcare goods and services through K.P.'s age of majority, the nature and extent of which are not presently known;

    b. Loss of K.P.'s services, and

      c.     Loss of filial consortium with K.P.

**WHEREFORE,** Plaintiffs Piyushkumar Patel and Dipikaben Piyushkumar Patel pray for judgment against Defendants Jonathan Randall Willms, D.O., and Sun Life Family Health Center, Inc., in an amount that is fair and reasonable in an amount in excess of $75,000; for the costs incurred in this litigation, and for such other or further relief as may be just and proper in the circumstances.

DATED this __11__ day of __September__, 2019.

By: _/s/ Gene M. Cullan_
Gene M. Cullan
**CULLAN & CULLAN**
20830 North Tatum Blvd., Suite 360
Phoenix, Arizona 85050-7268
*Attorneys for Plaintiffs*

# VERIFICATION

STATE OF CALIFORNIA   )
                     ) SS
County of Los Angeles )

Dipikaben Piyushkumar Patel, being of lawful age, and being duly sworn upon oath, deposes and states that she is one of the Plaintiffs named above; that she has read the foregoing Complaint; and that the facts and statements contained therein are true and correct to the best of her knowledge, information and belief.

_____
Dipikaben Piyushkumar Patel

SUBSCRIBED and SWORN to before me this 10 day of September 2019, by Dipikaben Piyushkumar Patel.

_____
Notary Public

My Commission Expires:

3-24-2023

CARLADIA HOLMES
COMM. #2282576
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires March 24, 2023